IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA BALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:20-CV-00045-NJR |
| v. ) | |
| ) | |
| ROESLEIN & ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
### MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff fails to state a claim for any of the nine counts in her First Amended Complaint because she fails to include factual support for her allegations as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fact, Plaintiff's First Amended Complaint includes classic examples of the types of the "threadbare recitals of a cause of action" specifically prohibited by *Iqbal*. In addition, there are fatal flaws related to her claims under Illinois law. Plaintiff's Complaint must therefore be dismissed in its entirety.

### PROCEDURAL BACKGROUND

On April 30, 2018, Plaintiff filed a charge of discrimination against her former employer, Defendant Roeslein & Associates Inc., with the Equal Employment Opportunity Commission (EEOC). *See* Plaintiff's First Amended Complaint, Exhibit A. The EEOC issued a Dismissal and Notice of Rights on July 1, 2019. *Id.* at Exhibit B. Plaintiff filed a lawsuit under the ADA, Title VII, and Illinois common law on September 26, 2019 in the Circuit Court of Randolph County, and filed a First Amended Complaint on October 31, 2019 to include claims under the Illinois Human Rights Act. Plaintiff served Defendant with the First Amended Complaint on December 12, 2019. On January 10, 2020, Defendant removed the case to this Court.

**LEGAL STANDARD**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare recitals of a cause of action, supported by mere conclusory statements, are insufficient to survive a motion to dismiss. *Id.*; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. A plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Walton v. First Merchants Bank*, 772 F. App'x 349, 350–51 (7th Cir.), cert. denied, 140 S. Ct. 233 (2019) (citing *Iqbal*, 556 U.S. at 678).

**ARGUMENT**

**I.     The Court Should Dismiss Plaintiff's Discrimination and Harassment Claims Under the ADA (Count I).**

**A.     Plaintiff Fails to State a Claim for Disability Discrimination.**

To establish a claim for discrimination under the Americans with Disabilities Act (ADA), a plaintiff-employee must show that: (1) he or she is disabled; (2) he or she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) an adverse job action was caused by his or her disability. *Monroe v. Indiana Dep't of Transportation*, 871 F.3d 495, 503–04 (7th Cir. 2017) (citing *Roberts v. City of Chi.*, 817 F.3d 561, 565 (7th Cir. 2016)). The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff falls far short of providing factual allegations to support any of these elements.

First, Plaintiff does not allege facts that she has a disability or was regarded as having a disability. Instead, Plaintiff concludes that she had a "physical disability" or the Company regarded her as having a disability. This is insufficient. In *Koty v. DuPage Cty., Illinois*, 900 F.3d 515, 519 (7th Cir. 2018), the plaintiff provided far more detail, including an allegation that he had a "femoral hip impingement with torn labrum among other medical disability" and that "[t]he pain is aggravated by [a]ssigned [v]ehicle." His complaint, however, contained no allegation that the injury affected any major life activity, so the Court dismissed the claim because he did not allege a disability as defined in the Act. *Koty v. DuPage Cty., Illinois*, 900 F.3d 515, 519 (7th Cir. 2018). Here, there is simply no factual support that Plaintiff had a disability or a perceived disability as defined by the ADA. Because Plaintiff has not sufficiently pleaded that she had a disability or was regarded as having a disability, her ADA claims should be dismissed.

Second, Plaintiff does not provide any factual support that she was qualified to perform the essential functions of her job with or without a reasonable accommodation.

Third, Plaintiff provides no factual support for her naked assertion that she was terminated as a result of her disability (or because she was regarded as having a disability). For these reasons, Plaintiff fails to state a claim for discrimination under the ADA.[1]

### B.   Plaintiff Fails to State a Claim for Harassment Under the ADA.

The elements of a cause of action for harassment under the ADA are (1) the plaintiff was subject to unwelcome harassment; (2) the harassment was based on his or her disability; (3) the

---

[1] Under the ADA and Title VII, the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court. *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018). Plaintiff's failure to provide factual support in her First Amended Complaint makes it impossible to determine whether she has properly exhausted her claims with the EEOC, and whether her claims exceed the scope of her charge (particularly regarding her claims of harassment and hostile work environment).

harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 856 (7th Cir. 2019) (citing *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018)).

Here, Plaintiff alleges that she was "subjected to a hostile work environment" because of her disabilities, but fails to provide a single factual allegation regarding any comments or actions she contends were hostile.  Because Plaintiff did not provide any factual support for her harassment allegations, the Court is not able to draw a reasonable inference that Defendant is liable.  Her harassment claims under the ADA should therefore be dismissed.

**II.     Plaintiff Fails to State a Claim for Retaliation under the ADA (Count II).**

To establish a retaliation claim under the ADA, a plaintiff must show (1) he or she engaged in a statutorily protected activity; (2) he or she suffered an adverse action; and (3) a causal connection between the two. *Koty v. DuPage Cty., Illinois*, 900 F.3d 515, 519 (7th Cir. 2018).  Here, Plaintiff alleges that she "reported the hostile work environment" but provides no factual support regarding this allegation.  For example, she fails to indicate to whom she made this alleged report, the date of the alleged report, the location of the alleged report, nor the nature of the alleged report.  She then concludes that Defendant terminated her due to "reporting the hostile work environment, harassment, and discrimination" but provides no factual support regarding this conclusion.  For these reasons, her retaliation claim should be dismissed.

**III.    Plaintiff's Gender and Sexual Orientation Discrimination Claims Under Title VII Should Be Dismissed (Counts III and V).**

**A.     Plaintiff Fails to State a Claim for Gender or Sexual Orientation Discrimination Under Title VII.**

The elements of a Title VII claim for gender or sexual orientation discrimination are that: (1) the plaintiff-employee is a member of a class protected by the statute; (2) that he or she has

4

been the subject of some form of adverse employment action; and (3) that the employer took this adverse action on account of the plaintiff's membership in the protected class. *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018) *(citing Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013)).[2]

In Counts III and V, Plaintiff alleges that she was terminated as a result of her gender and/or sexual orientation, but provides no facts to support these conclusions.  Because she alleges only naked assertions, her claim for gender and sexual orientation discrimination under Title VII should be dismissed.

### B. Plaintiff Fails to State a Claim for Gender or Sexual Orientation Harassment Under Title VII.

To establish a claim for hostile work environment under Title VII, a plaintiff must establish: (1) the work environment was both objectively and subjectively offensive; (2) the harassment was based on membership in a protected class or in retaliation for protected behavior; (3) the conduct was severe or pervasive; and (4) there is a basis for employer liability.  *Abrego v. Wilkie*, 907 F.3d 1004, 1015 (7th Cir. 2018).

Here, Plaintiff has not alleged facts to support the elements of a hostile work environment claim.  Defendant has no idea what actions Plaintiff believes were offensive, who engaged in these alleged behaviors, or why she believes any of these unnamed actions were related to her gender or sexual orientation.  Moreover, she does not allege any conduct was severe or pervasive or that there is a basis for employer liability.  For these reasons, her gender and sexual orientation harassment claims should be dismissed.

---

[2] Defendant reserves the right to raise additional defenses after the U.S. Supreme Court's rulings in *R.G. & G.R. Funeral Homes v. EEOC*, *Altitude Express v. Zarda*, and *Bostock v. Clayton County*.

**IV.     Plaintiff Fails to State a Claim for Gender or Sexual Orientation Retaliation Under Title VII (Counts IV and VI).**

The elements of a retaliation claim under Title VII are: (1) the plaintiff-employee engaged in a statutorily protected activity; (2) the employer took a materially adverse action against him or her; and (3) there existed a but-for causal connection between the two. *Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F.3d 690, 695 (7th Cir. 2017). Here, Plaintiff does not allege that she engaged in any protected activity under Title VII, much less provide any factual details related to a protected activity. Moreover, she does not provide any factual support that her termination was connected in any way to a protected activity. For these reasons, the Court should dismiss Plaintiff's claims under Counts IV and VI.

**V.     The Court Should Dismiss Plaintiff's Claim for Retaliation after Reporting Illegal Activities (Count VII).**

**A.     Plaintiff Fails to State a Claim for Retaliation After Reporting Illegal Activities.**

To state a claim for retaliatory discharge under Illinois law, a plaintiff must establish that (1) the employer discharged the employee, (2) the discharge was in retaliation for the employee's activities, and (3) the discharge violates a clearly-mandated public policy. *Roberts v. Board of Trustees of Community College District No. 508*, 135 N.E.3d 891, 896 (Ill. 2019).

Here, Plaintiff fails to allege any facts to support her conclusion that her discharge was in retaliation for her protected activities, or that there was any connection between her alleged report and her termination. In addition, Plaintiff failed to alleged facts that her discharge violates a clearly-mandated public policy. Although Plaintiff alleges she reported illegal activities to her supervisors, and lists four allegedly illegal activities, she fails to provide basic factual support for these claims. For example, she fails to provide facts about what she allegedly reported, when the alleged report was made, to whom the alleged report was made, and where the alleged report was

6

made.  In *Roberts*, the Illinois Supreme Court held that dismissal of the plaintiff's retaliatory discharge claim was proper because plaintiff failed to sufficiently plead that his discharge undermined a public policy.  Here, Plaintiff similarly fails to plead facts to support a retaliatory discharge claim.

        **B.**        **Plaintiff Fails to Allege Facts that Illinois Law Applies to this Claim.**

Plaintiff has brought this retaliation claim against Defendant pursuant to Illinois law, but does not allege that any relevant actions related to the claim took place in Illinois.  Although Plaintiff alleges generally that she was an employee at the Company's Red Bud, Illinois location, Plaintiff worked at multiple locations for Defendant and fails to specify where any of the alleged actions in her First Amended Complaint took place.  Because Plaintiff has not alleged facts that anything took place in Illinois related to her retaliation claims, Plaintiff's common law retaliation claim should be dismissed.

**VI.**    **Plaintiff's Claims under the Illinois Human Rights Act Should be Dismissed (Count VIII and IX).**

        **A.**        **Plaintiff Fails to State a Claim for Discrimination, Harassment, or Retaliation under the IHRA.**

Illinois courts apply the federal Title VII framework (outlined above) to claims of discrimination, harassment, and retaliation made under the Illinois Human Rights Act (IHRA).  *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547 (7th Cir. 2017).  In Plaintiff's counts under the IHRA, Plaintiff merely makes naked assertions that she was subjected to a hostile work environment and was subjected to discrimination, harassment, and retaliation without providing even a glimpse of the factual reasons for her assertions.  Plaintiff's claims under the IHRA should therefore be dismissed.

**B.     Plaintiff Failed to Plead Facts that She Has Exhausted Administrative Remedies under the Illinois Human Rights Act.**

Counts VIII and IX of Plaintiff's First Amended Complaint should also be dismissed because she failed to allege she exhausted the required administrative remedies under the IHRA. Although Plaintiff alleges that she received a notice of right to sue from the EEOC, she does not allege she received any notice of right to sue from the Illinois Department of Human Rights[3]. A litigant does not discharge his or her duty to exhaust administrative remedies under the IHRA merely by obtaining a right-to-sue letter from the EEOC. *Wierciszewski v. Granite City Illinois Hosp. Co., LLC,* Civil No. 11–120, 2011 WL 1615191, at *3 (S.D. Ill. Apr. 28, 2011). Moreover, the fact that Plaintiff received a right to sue notice from the EEOC does not establish that she may bring suit under the IHRA. *Hankins v. Best Buy Co., Inc.,* No. 10–cv–4508, 2011 WL 6016233, at *6 (N.D. Ill. Dec. 2, 2011). Plaintiff's claims under the IHRA should therefore be dismissed.

**C.     Plaintiff Failed to Allege that Any Discriminatory or Harassing Actions Took Place in Illinois.**

Plaintiff has brought suit under the IHRA, but does not allege that any relevant actions related to her IHRA claims took place in Illinois, that the IDHR has jurisdiction over her claims, or that the IHRA applies to her allegations.[4] The Court should therefore dismiss Plaintiff's claims under the IHRA for these reasons as well.

---

[3] Defendant is not aware of a notice of right to sue issued by the IDHR. She did not plead that she received such a notice, and did not attach such a notice to her First Amended Complaint.

[4] On August 23, 2018, Counsel for Defendant wrote a letter to the IDHR outlining the reasons that the Illinois Department of Human Rights did not have jurisdiction over Plaintiff's claims.

## CONCLUSION

Plaintiff's First Amended Complaint is a textbook example of a complaint that merely makes conclusory allegations without factual support in violation of *Iqbal*. For that reason alone, the Court should dismiss her First Amended Complaint in its entirety. In addition, Plaintiff has failed to exhaust administrative remedies and failed to plead facts that Illinois law applies to her allegations.

WHEREFORE, Defendant respectfully requests this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint, award Defendant its costs and attorneys' fees incurred in the preparation of this Motion, and for all other relief that this Court deems appropriate.

  /s/ Julie Z. Devine
| Kevin L. Fritz | #6295633IL |
| Julie Z. Devine | #6291511IL |

LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939/Telephone
(314) 621-6844/Fax
klfritz@lashlybaer.com
jdevine@lashlybaer.com

Attorneys for Defendant
Roeslein & Associates, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served upon all counsel of record by the Court's electronic filing system this 7th day of February, 2020.

  /s/ Julie Z. Devine