IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESSICA BALL,** | |
| **Plaintiff,** | |
| v. | Case No. 20-CV-00045-NJR |
| **ROESLEIN & ASSOCIATES, INC.,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Plaintiff Jessica Ball's First Amended Complaint filed by Defendant Roeslein & Associates, Inc. ("Roeslein") (Doc. 16). For the reasons set forth below, the motion is granted in part and denied in part.

### FACTUAL & PROCEDURAL BACKGROUND

Ball alleges she experienced a hostile work environment, harassment, and discrimination while working for her former employer, Roeslein, because of her disabilities, gender, and sexual orientation. (Doc. 1-1, pp. 25-43). Ball reported the hostile work environment, harassment, and discrimination to Roeslein's supervisors, and she filed a complaint with the Illinois Department of Human Rights ("Department") and the United States Equal Employment Opportunity Commission ("EEOC"). Ball alleges that Roeslein terminated her in retaliation for her reports regarding the hostile work environment, harassment, and discrimination (*Id.* at pp. 27-43).

Ball received a Right-to-Sue ("RTS") letter from the EEOC on July 1, 2019 (*Id.* at p. 47) and commenced this action in the Circuit Court of the Twentieth Judicial Circuit in Randolph

County, Illinois, on September 26, 2019 (*Id.* at p. 1). Ball alleges two counts against Roeslein under the Americans with Disabilities Act ("ADA"): disability discrimination (Count I) and retaliation for reporting disability discrimination (Count II) (*Id.* at pp. 25-29). Ball alleges four more counts against Roeslein under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq* ("Title VII"): gender discrimination (Count III); retaliation for reporting gender discrimination (Count IV); sexual orientation discrimination (Count V); and retaliation for reporting sexual orientation discrimination (Count VI) (*Id.* at pp. 29-37).

Ball also alleges a retaliatory discharge claim under Illinois common law against Roeslein (Count VII) (*Id.* at pp. 37-39). Finally, Ball alleges another two counts against Roeslein under the Illinois Human Rights Act, 775 ILCS 5/1-101, *et. seq* ("IHRA"): gender and sexual orientation discrimination (Count VIII) and retaliation for reporting the gender and sexual orientation discrimination, in violation of the IHRA (Count IX) (*Id.* at pp. 39-43). Ball seeks reasonable attorney's fees, costs, and compensatory and punitive damages (*Id.* at pp. 25-43).

On January 10, 2020, Roeslein removed the case to this Court (Doc. 1). The Court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Roeslein filed a timely Motion to Dismiss, arguing the First Amended Complaint fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 16).

## LEGAL STANDARD

To survive a motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must "'clearly . . . allege facts demonstrating' each element" required to establish he has standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 95

S.Ct. 2197, 2215 (1975)). The "irreducible constitutional minimum" of standing requires a showing that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. The burden of establishing these three elements falls on the party invoking the court's jurisdiction. *Id.*

Whether a defendant argues that a complaint fails to (1) properly state a claim, or (2) properly plead the elements of standing, courts apply the same analysis. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). The factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 554-55 (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Further, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On the other hand, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [during the pleading stage] we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990)).

ANALYSIS

I.  **ADA Discrimination Claim**

Roeslein first asserts that Ball's ADA discrimination claim does not allege a specific disability and Count I should be dismissed (Doc. 17, p. 3). The Court agrees.[1] The Seventh Circuit has held that short, plain statements, as long as they include a specific disability, pass the Rule 12(b)(6) test. *See Tate v. SCR Medical Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) ("[a]nd surely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability"). Here, Ball did not allege a specific disability. Her ADA discrimination claim, therefore, must be dismissed.

II.  **Title VII Sex Discrimination Claims**

Counts III and V of the First Amended Complaint allege Title VII sex discrimination claims based on gender and sexual orientation. Roeslein contends Ball must allege facts to support the conclusions that she was terminated as a result of her gender and/or sexual orientation (Doc. 17, p. 5).

The Seventh Circuit has explained, however, that "a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). To state a claim for gender discrimination under Title VII, a plaintiff only needs to allege "that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).

---

[1] The Court does not, however, believe Ball is obligated to plead all the facts Roeslein argues she must plead regarding her essential functions and termination as a result of her disability.

Under this standard, Ball alleges sex discrimination claims based on her gender and sexual orientation. Ball pleads she is a female and a homosexual (Doc. 1-1, pp. 29, 33). Ball also pleads she was subject to discrimination, harassment, and a hostile work environment by Roeslein because of her gender and sexual orientation (*Id.*). Ball then pleads she was terminated as a result of her gender and sexual orientation (*Id.* at pp. 30, 33). Accordingly, Roeslein's Motion to Dismiss is denied as to Counts III and V.

### III. Hostile Work Environment

Ball did not plead a separate hostile work environment claim in the First Amended Complaint, but pleads in her ADA and Title VII discrimination claims that she was subjected to a hostile work environment. "An actionable hostile environment claim requires the plaintiff to prove: (1) that the work environment was both subjectively and objectively offensive; (2) that the harassment was based on membership in a protected class; (3) that the conduct was severe or pervasive; and, (4) that there is a basis for employer liability." *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 982 (7th Cir. 2014) (quoting *Mendenhall v. Muller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005)). "Factors to consider include the frequency and severity of conduct, as well as if it is physically threatening or humiliating, or merely an offensive utterance, or whether it interferes with an employee's work performance." *Emerick v. Wood River-Hartford Sch. Dist. No. 15*, 2017 WL 2778624, at *9 (S.D. Ill. June 27, 2017).

Here, the Court agrees with Roeslein that Ball has failed to allege any facts that would support a hostile work environment claim (Doc. 17, pp. 3-5). Ball merely states that she was harassed and subjected to a "hostile work environment." Even under the liberal federal pleading requirements, Ball's allegations are insufficient to put Roeslein on notice regarding

the conduct or actions she believes rise to the level of harassment or a "hostile work environment." Thus, Roeslein's hostile work environment claims must be dismissed.

## IV. ADA and Title VII Retaliation Claims

Ball also brings retaliation claims under the ADA[2] and Title VII in Counts II, IV, and VI. To plead such claims, a plaintiff must allege that she engaged in statutorily protected activity and suffered an adverse action as a result of that activity. *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017). A full narrative of the retaliated activated is unnecessary. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." *Id*.

Here, Ball alleges that she engaged in statutorily protected activity by reporting the hostile work environment, harassment, and discrimination based on her disabilities and sexual orientation to her supervisors at Roeslein (Doc. 1-1, pp. 28, 36).[3] *See Rizzo v. Sheahan*, 266 F.3d 705, 715 (7th Cir. 2001) (noting that the Seventh Circuit recognizes internal reporting as a statutorily protected activity). Ball further alleges that Roeslein fired her because she reported disability and sexual orientation discrimination, harassment, and hostile work environment.

Roeslein argues Ball failed to state a retaliation claim under the ADA because "she fails to indicate to whom she made this alleged report, the date of the alleged report, the location of

---

[2] Ball's retaliation claim under the ADA is not foreclosed simply because Ball fails to allege a specific disability. *See Rowlands v. United Parcel Serv.–Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018) ("[a] court's conclusion that an individual does not have a disability does not foreclose a retaliation claim").

[3] Ball fails to allege that she reported the hostile work environment, harassment, and discrimination based on her gender, but does allege that she filed a formal EEOC charge of gender, sexual orientation, and disability discrimination, harassment, and hostile work environment. Filing an EEOC charge is "the most obvious form of statutorily protected activity." *Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 740 (7th Cir. 2011).

the alleged report, nor the nature of the alleged report." (Doc. 17, p. 4). Additionally, Roeslein argues Ball failed to state a retaliation claim under Title VII because Ball does not allege that she engaged in any protected activity under Title VII, much less provide any factual details related to a protected activity. (Doc. 17, p. 6). Roeslein continues "[Ball] does not provide any factual support that her termination was connected in any way to a protected activity." (*Id.*).

The Court agrees. Ball's First Amended Complaint fails to plead even "a few tidbits" that would allow Roeslein to investigate her retaliation claims. At best, Ball pleads that she "reported the hostile work environment, harassment, and discrimination based upon disabilities or her perceived disabilities to *her* supervisors." (Doc. 1-1, p. 28) (emphasis added); *see Dailey v. HSHS Med. Grp.*, 2019 WL 2772532, at *3 (S.D. Ill. July 2, 2019) (acknowledging that "[a]nother 'tidbit' that could help is for [plaintiff] to identify the 'supervisors' to whom she reported [defendant's] alleged improper conduct—even if just to clarify that they were 'her supervisors,' which [defendant] could presumably then identify"). Ball's First Amended Complaint is comprised primarily of legal conclusions like those found patently inadequate in *Bell Atlantic*. *See Shofner v. Branding Iron Holdings, Inc.*, 2016 WL 879630, at *3 (S.D. Ill. Mar. 8, 2016) (acknowledging that "[n]or in her retaliation claims does she plead anything more than a general allegation of retaliation for reporting some unspecified conduct."); *see also EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781 (7th Cir. 2007) (noting "a plaintiff . . . alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected").

Here, the word "her" in front of supervisors does not satisfy the pleading standards for Ball's retaliation claim under the ADA. And Ball's retaliation claim under Title VII for her

sexual orientation only states that she reported the discrimination—not even that she reported it to *her* supervisors.[4] Therefore, Ball's retaliation claims under the ADA and Title VII must be dismissed.

### V.     Retaliatory Discharge Claim

**A.  Choice of Law**

Ball also alleges a retaliatory discharge claim under Illinois common law. Roeslein argues that Ball's retaliatory discharge claim must be dismissed because Ball fails to allege facts that Illinois law applies to this claim.

Although Roeslein is not arguing that the substantive law of any state other than Illinois applies, a choice of law analysis confirms that Ball does not need to allege additional facts that Illinois law applies to this claim. Because this Court considers Ball's common law retaliatory discharge claim under its supplemental jurisdiction, it applies Illinois' choice of law rules to determine the applicable substantive law. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("[f]ederal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law"). In practice, this means that "the law of the place of injury controls *unless* Illinois has a more significant relationship with the occurrence and with the parties." *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503-04 (7th Cir. 1998) (emphasis added). "A court is to determine whether Illinois has the more significant relationship by examining the following factors:

---

[4] In *Brooks v. FedEx Supply Chain, Inc.*, 2019 WL 1746264, at *6 (S.D. Ill. Apr. 18, 2019), the plaintiff's complaint was similarly comprised of legal conclusions. This Court, however, was able to consider the facts and allegations in the Department's Investigation Report attached to plaintiff's complaint. Here, Ball only attached the EEOC charge to the Complaint, which contains the same legal conclusions as Ball's Complaint (Doc. 1-1, pp. 44-46).

(1) the place of the injury, (2) the place where the injury-causing conduct occurred, (3) the domicile of the parties, and (4) the place where the relationship between the parties is centered." *Id.* Illinois courts also consider "the interests and public policies of potentially concerned states . . . as they relate to the transaction in issue." *Jones v. State Farm Mut. Auto. Ins. Co.*, 682 N.E.2d 238, 249 (1997).

A careful assessment of the factors cited above leads to the conclusion that Illinois has the most significant relationship to the retaliatory discharge, and therefore, Illinois law applies to this claim. Illinois is the place of the alleged injury (Doc. 1, p. 3). *See Fredrick*, 144 F.3d at 503-04 (noting that in a retaliatory discharge claim a plaintiff's domicile is the state in which the alleged injury took place). Illinois is the state of domicile of Ball and one of the places where Ball worked for Roeslein (Doc. 1, p. 3; Doc. 1-1, p. 25). Missouri is the place where Roeslein's principal place of business is maintained and where Roeslein was incorporated (Doc. 1, p. 3). Roeslein also claims in a letter that it sent to the Department on August 23, 2018 that Missouri is the place where Ball was hired as an employee; Missouri is the state were Ball signed an employment agreement; Missouri is where Ball's managers were always based; and Missouri is where all employment decisions take place (Doc. 21-2, p. 1).

Even if this Court could consider Roeslein's August 23, 2018 letter,[5] this Court cannot conclude that any other state has a more significant relationship with the occurrence or parties than the place of injury, thus Illinois law controls.

---

[5] This Court may consider documents attached to the pleadings without converting a motion to dismiss into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *see Fredrick*, 144 F.3d at 504 (noting that "[defendant's] [a]ffidavits are not properly considered in deciding upon a motion under Rule 12(b)(6) unless the district court converts the motion into one for summary judgment under Rule 56").

**B. Merits**

Roeslein also argues that the retaliatory discharge claim in Count VII of the First Amended Complaint must be dismissed because Ball "fails to allege any facts to support her conclusion that her discharge was in retaliation for her protected activities, or that there was any connection between her alleged report and her termination." (Doc. 17, pp. 6-7.).

To state a claim for retaliatory discharge under Illinois law, a plaintiff must allege: "(1) he [or she] has been discharged; (2) in retaliation for his activities; (3) the discharge violates a clear mandate of public policy." *Robinson v. Morris*, 2018 WL 2164336, at *4 (S.D. Ill. May 10, 2018). "Retaliatory discharge claims have been recognized as a narrow exception to the general rule in two types of cases: those involving retaliation for filing a worker's compensation claim and those involving an employee terminated for reporting an employer's allegedly criminal activity." *Mollet v. St. Joseph's Hosp. Breese, of the Hosp. Sisters of the Third Order of St. Francis*, 2017 WL 1035750, at *2 (S.D. Ill. Mar. 17, 2017).

Ball alleges that she reported to supervisors inaccurate accounting and financial recordings, including reporting that money was "not received when it was reported received, material not present when reported as present, instigating various fraud regulations and laws." (Doc. 1-1, p. 38); *see Palmateer v. Int'l Harvester Co.*, 85 Ill.2d 124, 132 (1981) (citations omitted) (noting that the Illinois Supreme Court has held that "[p]ublic policy favors the exposure of crime, and the cooperation of citizens possessing knowledge thereof is essential to effective implementation of that policy"). Ball further alleges that she reported to Roeslein supervisors "numerous safety violations at the parts which violated OSHA regulations and safety regulations and laws" and "welds and materials that were bad on products but the

products were still being approved and shipped to customers, which violated OSHA regulations. . . ." (*Id.*). Ball then alleges that her termination "is casually [sic] related to the reports and complaints of the above-referenced illegal activities to her supervisors." (*Id.*).

Ball has, therefore, stated a claim for retaliatory discharge under Illinois law. While Ball does not allege if the person responsible for her termination knew of her report to her supervisors, Ball does allege that she made reports to her supervisors and then was subsequently fired. (*Id.*); *see Laurie v. BeDell*, 2017 WL 1076940, at *7 (S.D. Ill. Mar. 22, 2017) (holding that the plaintiff provided enough facts that she was fired in retaliation for reporting illegal activities "[a]lthough [plaintiff] d[id] not state if the person responsible for her termination knew of the report provided to her supervisors, she does allege that she reported her injuries to her supervisors and then was subsequently fired").

Accordingly, Roeslein's Motion to Dismiss is denied as to Ball's retaliatory discharge claim under Illinois common law.

## VI. IHRA Claims

The IHRA provides for a comprehensive procedure for redressing human rights violations, under which a complainant must exhaust his or her administrative remedies before bringing a civil suit. The procedure becomes more convoluted when a complainant files a charge with the Department and the EEOC.

In the case of dual filings, the Department "shall take no action until the EEOC makes a determination on the charge and after the complainant notifies the Department of the EEOC's determination." 775 ILCS 5/7A-102. When the EEOC does not issue a determination, but issues the complainant a notice of a right to sue, "the complainant must submit a copy of the

EEOC's determination within **30 days** after service of the determination by the EEOC on complainant." *Id.* (emphasis added). If the EEOC "does not issue a determination, but does issue the complainant a notice of a right to sue . . . *and if the Department is timely notified of the EEOC's determination by complainant*, the Department shall notify the parties, within 10 business days after receipt of the EEOC's determination, that the Department will adopt the EEOC's determination as a dismissal for lack of substantial evidence unless the complainant requests in writing within 35 days after receipt of the Department's notice that the Department review the EEOC's determination." *Id*. (emphasis added).

The complainant may then commence a civil suit in two instances: (1) upon receiving a final report from the Department; or (2) if the Department fails to issue a report within 365 days. 775 ILCS 5/7A-102(D), (G)(2). If the Department fails to issue a report within 365 days, the complainant has ninety days to either proceed before the IHRC or commence a civil action. *Id*.

Failure to comply with the IHRA's exhaustion requirements warrants dismissal of an IHRA claim. Ball alleges she timely filed charges with the Department and the EEOC, and she received a notice of a RTS from the EEOC on July 1, 2019 (Doc. 1-1, p. 47). As Roeslein correctly points out, however, a RTS from the EEOC is not a substitute for a final report from the Department. *See Wierciszewski v. Granite City Ill. Hosp. Co.*, No. 11–120–GPM, 2011 WL 1615191 at *3 (S.D. Ill. Apr. 28, 2011).

It is undisputed that the Department did not issue a report on Ball's administrative charge. To combat this, Ball argues the Department failed to issue a report within the 365-day period and she may file a lawsuit. 775 ILCS 5/7A-102. Unfortunately, however, the statute

does not clearly say whether the 365–day period begins when the complainant files the charge with the EEOC or, alternatively, when EEOC made its determination. *O'Connell v. Cont'l Elec. Const. Co.*, No. 11 C 2291, 2011 WL 4916464, at *12 (N.D. Ill. Oct. 17, 2011); *Muller v. Morgan*, No. 12 C 1815, 2013 WL 2422737, at *4 (N.D. Ill. June 3, 2013). Ball's IHRA claims are untimely no matter how the statute is read. If the 365-day period commenced when Ball filed her charge with the EEOC—April 30, 2018 (Doc. 1-1, p. 69)—Ball was required to file this suit by July 29, 2019—365 days plus 90 days after April 30, 2018, but Ball filed her initial Complaint asserting claims under the IHRA nearly two months later—on September 26, 2019 (Doc. 1-1, p. 1). If the 365-day period commenced when the EEOC made its determination—July 1, 2019 (Doc. 1-1, p. 47)—then Ball filed too early as the 365-day period had not expired.

Further, Ball has failed to provide facts that she submitted a copy of the EEOC's determination to the Department within 30 days after service of the determination by the EEOC. 775 ILCS 5/7A-102(A-1)(1)(iv); *see* 775 ILCS 5/7A-102(A-1)(2) (providing that the Department will only take substantive action on the EEOC determination if it "is timely notified of the EEOC's findings by complainant"); *see also Jafri v. Signal Funding LLC*, 2019 WL 4824883, at *2 (N.D. Ill. Oct. 1, 2019) (holding that the plaintiff failed to administratively exhaust her IHRA claims because plaintiff failed to submit a copy of the EEOC's determination to the Department within 30 days after service of the determination by the EEOC on plaintiff).

Accordingly, the Court finds that Ball failed to administratively exhaust her IHRA claims and her claims for discrimination, harassment, or retaliation under the IHRA must be dismissed.

CONCLUSION

For these reasons, the Motion to Dismiss filed by Defendant Roeslein (Doc. 16) is **GRANTED in part** and **DENIED in part**. The motion is **DENIED** as to Counts III, V, and VII. The motion is **GRANTED** as to Counts I, II, IV, VI, VIII, and IX, which are **DISMISSED without prejudice** for failure to state a claim. The action will proceed on Ball's claims of Title VII sex discrimination (Counts III and V) and retaliatory discharge under Illinois common law (Count VII).

**IT IS SO ORDERED.**

DATED:  August 12, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**